

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable George Van Fleet, Actuary
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2652
Re: Article 4752, Vernon's Annotated
Texas Civil Statutes - Limited Capital
Stock Companies - Monthly or weekly
Premiums Plan - Single Premium Plan.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Your opinion is respectfully requested as to whether or not a limited capital stock life, health and accident insurance company, organized and operating in this State and subject to the provisions of Article 4752 of our statutes, is authorized to issue a single premium policy.

"I am enclosing a photostatic copy of such a policy, and we request your opinion about this matter."

Article 4752, Vernon's Annotated Texas Civil Statutes reads as follows:

"Companies may be Incorporated in the manner prescribed by this chapter for the incorporation of life, accident and health insurance companies generally, which shall have power only to transact business within this State, and to write insurance only on the weekly or monthly premiums plan, and to issue no policy promising to pay more than one thousand dollars in the event of death of the insured from natural causes, nor more than two thousand dollars in the event of death of any person from accidental causes, which may issue, combined or separately, life, accident or health insurance policies with not less than an actual paid up capital of twenty-five thousand dollars. All such companies shall be subject to all the laws regulating life insurance companies in this

State not inconsistent with the provisions of this
article.  Such companies shall not be permitted
to invest their assets in other than Texas Securi-
ties as defined by the laws of this State regulat-
ing the investments of life insurance companies."
(Underscoring ours)

We think that the term "weekly premiums plan" as used
in Article 4752, supra, means a plan of insurance where
premiums are contracted to be paid each week and that like-
wise a "monthly premiums plan" means a plan of insurance where
premiums are contracted to be paid each month.

Article 4752, supra, is clear and unambiguous.  It is
the opinion of this department that limited capital stock in-
surance companies under Article 4752, supra, may write insur-
ance only on the weekly or monthly premiums plan.  Insurance
written by a limited capital stock company on an "annual prem-
ium plan" or a "single premium plan" or any plan other than
the "weekly or monthly premiums plan", would be in clear vi-
olation of Article 4752, supra.  Your question is therefore
answered in the negative.

We have carefully examined the photostatic copy of a
policy of Texas State Life Insurance Company of Dallas, Texas,
a limited capital stock company subject to the provisions of
Article 4752, supra, which you enclosed in your letter, upon
which policy you desire our opinion.  We call your attention
to the following provisions of said policy:

"This 'Walker Plan Single Premium Dividend
Policy' is issued at age ____ years in considera-
tion of the application therefor, the execution
and delivery of a Walker Plan Single Premium Note
bearing six per cent per annum in the amount of
_____Dollars, calculated
on multiple monthly premium payments, and the
payment in advance to the Company of the first
twelve months' interest thereon of _____
Dollars.  (Said sum being interest under this
Walker Plan is not refundable.)

"After this Policy has been in force one
full year and the interest due on the Walker
Plan Single Premium Note for the subsequent
twelve months shall have been paid and on each
anniversary thereafter such dividends and/or
credits as shall have been apportioned by the
Board of Directors to this Policy shall at the
option of the Insured by (a) paid in cash, or

(b) used in reduction of Walker Plan Single Premium Note, or (c) left with the Company to accumulate to the credit of the policy at such rate of interest as the Board of Directors may determine. While this Policy is in force and before default in the payment of any interest due such accumulated dividends may be withdrawn in cash upon any anniversary of the policy if not paid or applied beforehand, or shall be payable upon maturity of this Policy to the person entitled to receive the proceeds. If no option is selected the dividends will be applied under option (b).

"......

"All interest payments on the Walker Plan Single Premium Note after the first are due and payable monthly in advance at the Home Office of the Company in the City of Dallas, Texas, or to a designated collector on or before date due, but in any case only in exchange for the Company's receipt therefor, signed by the President, Vice-President, Secretary, Assistant Secretary or Treasurer and countersigned by such collector. The mode of interest payment may be changed to three months, six months or twelve months in advance, but except as herein provided, the payment of any interest on the Walker Plan Single Premium Note or installment thereof shall not maintain the Policy in force beyond the date when the next interest payment or installment there of is payable. Any unpaid portion or installment of such interest payment on a Walker Plan Single Premium Note for the policy year during which death of the Insured occurs will be deducted from the sum payable under this policy. Upon default in payment of any interest on any indebtedness secured by this Policy due subsequent to the first twelve months' interest hereunder, this Policy shall be null and void and all payments forfeited to the Company except as herein provided."

It is clearly apparent from a reading of the above quoted portions of the policy that Texas State Life Insurance Company is writing insurance upon a plan other than the "weekly or monthly premiums plan." It is therefore the opinion of this department that Texas State Life Insurance Company has no authority to write insurance upon the "Walker Single Premium Payment Plan," as outlined in said policy.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
   Wm. J. Fanning
   Assistant

WJF:AW:wc

APPROVED AUG 28, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By_s/BWB_Chairman